## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| KARANA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ADVANCED PORTFOLIO GROUP, LLC and ) | |
| HUNTINGTON DEBT HOLDING, LLC ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, KARANA JONES ("Plaintiff"), through her attorneys, Walker McMullan, Attorneys, alleges the following against Defendants, ADVANCED PORTFOLIO GROUP, LLC and HUNTINGTON DEBT HOLDING, LLC and (hereinafter "APG" and "HDH" respectively and "Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this

1

district.

**PARTIES**

5. Plaintiff is a natural person residing in Birmingham, Jefferson County, Alabama.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendants each are a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. APG is a limited liability company with its principal office located in 1964 Sheridan Drive, Suite 300, Buffalo, New York 14223.

11. HDH is a limited liability company with its principal office located at 210 John Glenn Drive, Suite 10, Amherst, New York 14228.and collection agency based in the City of Rochester, Monroe County, State of New York.

12. Defendants are engaged in the collection of debt within the State of Alabama.

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

15. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

16. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

17. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

18. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendants are attempting to collect a consumer debt from Plaintiff originating with a payday loan from Cash Express.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. Upon information and belief, HGH acquired the alleged debt from Cash Express.

22. At all times relevant hereto, HGH owned the alleged debt.

23. At all times relevant hereto, APG was engaged by HGH to collect the alleged debt from Plaintiff on HGH's behalf.

24. HGH is APG's principal.

25. HGH exercises control over APG's conduct.

26. Within the past year of Plaintiff filing this Complaint, APG began calling Plaintiff on Plaintiff's telephone at xxx-xxx-4261, in an attempt to collect the alleged debt.

27. APG calls Plaintiff from 833-472-0041, which is one of APG's telephone numbers.

28. On or about March 10, 2021 at 2:53 p.m., APG left the following voicemail message on Plaintiff's telephone:

    a. "This message is intended to reach out to KaranaJones. My name is Sarah Woods calling from the office of APG, reaching out to you in regards to an affirmation that was forwarded to my office attached to your name and social security number. The affirmation is currently under review pending a statement of intent. Before I make a final recommendation, I do want to discuss the matter in detail with you and verify the information that I have is correct before I proceed. You can contact me directly at 844-396-9425.

       Once again, the number is 844-396-9425, extension 100."

29. The telephone number 844-396-9425 belongs to APG.

30. APG is or should be familiar with the FDCPA.

31. APG knows or should know the FDCPA requires a debt collector to disclose its identity when communicating with a consumer.

32. APG knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector when communicating with a consumer.

33. On or about March 10, 2021, Plaintiff returned APG's call and spoke with one of APG's collectors.

34. During the conversation with APG's collector:

    a. APG's collector threatened to take legal action against Plaintiff.

    b. APG's collector threatened to garnish Plaintiff's wages.

    c. APG's collector demanded immediate payment from Plaintiff.

35. The natural consequences of APG's statements and actions was to produce an unpleasant and/or hostile situation between APG and Plaintiff.

36. The natural consequences of APG's statements and actions was to cause Plaintiff mental distress.

37. APG acted with intent to annoy and harass Plaintiff.

38. To date, APG has not taken legal action Plaintiff.

39. APG knew that HDH repeatedly or continuously engaged in collection practices as described above.

40. APG and HDH, and their respective agents and employees, knew that the representations made to Plaintiff were false, deceptive and misleading.

## COUNT I
## APG VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and re-alleges paragraphs one (1) through forty (40) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

42. APG violated the FDCPA based on the following:

    a. APG violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when APG left a voicemail message for Plaintiff and did not disclose the communication is from Advanced Portfolio Group;

    b. APG violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when APG engaged in engaged in, at least, the following discrete violations of § 1692e;

    c. APG violated § 1692e(2) of the FDCPA by falsely the character, amount, or legal status of any debt, when APG falsely represented that judgment was entered against Plaintiff when APG threatened to garnish Plaintiff's wages;

    d. APG violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages unless such action is lawful and intended to be taken, when APG's collector threatened to garnish Plaintiff's wages when APG cannot lawfully take such action;

    e. APG violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken, when APG threatened to take legal action against Plaintiff when APG did not intend to take such action;

    f. APG violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when APG's collector falsely represented that legal action was taken or, about to be taken, against Plaintiff;

    g. APG violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when APG left a voicemail message for Plaintiff on Plaintiff's telephone and did not disclose that the communication is from a debt collector and in an attempt to collect a debt;

    h. APG violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when APG's collector demanded immediate payment from Plaintiff; and

    i. APG violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when APG engaged in the foregoing conduct.

WHEREFORE, Plaintiff, KARANA JONES, respectfully requests judgment be entered against Defendant, ADVANCED PORTFOLIO GROUP, LLC, for the following:

43. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

44. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

45. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## HDH VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff repeats and re-alleges paragraphs one (1) through forty (40) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

47. As alleged above, HDH is a debt collector as defined by the FDCPA.

48. HDH has the burden to monitor the activities of APG.

49. APG violated the FDCPA.

50. HDH is vicariously liable for the unlawful collection activities carried out by APG on its behalf.

WHEREFORE, Plaintiff, KARANA JONES, respectfully requests judgment be entered against Defendant, HUNTINGTON DEBT HOLDING, LLC, for the following:

51. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

52. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

53. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: April 19, 2021
By: /s/M. Brandon Walker
M. Brandon Walker
Walker McMullan, Attorneys
242 West Valley Avenue, Suite 312
Birmingham, AL 35209
Tel: 205-417-2541
E-mail: brandon@walkermcmullan.com
Attorney for Plaintiff